# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR ROMERO-TORRES,<br><br>Defendant. | Case No. 1:13-CR-000328-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(Doc. 45) |

Before the Court is Defendant Victor Romero-Torres's motion to reduce his sentence (Doc. 45), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 51. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

A federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Guidelines unless otherwise indicated.

However, a district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States,* 560 U.S. 817, 826-27 (2010). Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

**Original Sentence Imposed**

Here, accepting the PSR determination, the Court found a base offense level of 38 for the amount of methamphetamine involved the case, and a criminal history category of I.  Pursuant to §§ 2D1.1(b)(16) Defendant qualified for 2-level reduction in offense level, to a 36.  Under § 3E1.1(a), Defendant's acceptance of responsibility warranted a 2-level reduction, to a level 34. Finally, the Court reduced by 1 the offense level for Defendant's assistance to the authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of the intention to enter a plea of guilty, to an adjusted offense level of 33.  The Guidelines range for a defendant with an offense level of 33 and a criminal history category I (based on 10 criminal history points) was 135-168 months. U.S.S.G. Ch. 5, Pt. A. The Court adopted the recommendation in the PSR and, on June 24, 2014, imposed a sentence at the low end of the guideline range, 135 months, with 60 months supervised release. *See* Docs. 30, 32.

**Application of Amendment**

Amendment 782 modifies the Drug Quantity Table to lower base offense levels by two points for most federal drug offenders.  Amendment 782, § 1B1.10.  However, the highest base offense level in the drug quantity table, reserved for those convicted of possessing large quantities of controlled substances, remained at 38.  In this case, Defendant does not qualify for a sentence reduction because Amendment 782 does not lower the base offense level for defendants who possessed over 4.5 kilograms of actual methamphetamine.  *See id.*  According to the PSR, Defendant pled guilty to conspiracy to distribute methamphetamine, and the amount of methamphetamine attributed to him is 131.5 kilograms, which is considerably greater than the minimum set to qualify a person for the highest base offense level.  Doc. 30, at 5; § 2D1.1; *see also* Doc. 34 at 5 (Plea

Agreement) (Defendant agreeing that he delivered approximately 10 kilograms of actual methamphetamine and an additional 290 pounds of crystal methamphetamine on May 7, 2013). As a result, Defendant's base offense level remains at 38, his criminal history category is I, and his overall offense level is still 35. Therefore, the applicable sentence guideline range remains 135 to 168 months, the same as the previous range applicable to his case before Amendment 782 took effect.  Because Defendant has no basis for seeking a reduction, his motion is denied.  *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium).

**CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Victor Romero-Torres's motion to reduce his sentence is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

Dated:   **October 6, 2015**                         **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE